**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JESUS MIZQUIRI, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class*,

               Plaintiff,

   v.

NEAPOLITAN EXPRESS LLC
   d/b/a NEAPOLITAN EXPRESS
NEAPOLITAN EXPRESS STORE 10001 LLC
   d/b/a NEAPOLITAN EXPRESS
NEAPOLITAN TRUCK 10001 – 20000, and
MAX CRESPO,

               Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff JESUS MIZQUIRI ("Plaintiff MIZQUIRI" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Complaint against Defendants, NEAPOLITAN EXPRESS LLC d/b/a NEAPOLITAN EXPRESS, NEAPOLITAN EXPRESS STORE 10001 LLC d/b/a NEAPOLITAN EXPRESS, NEAPOLITAN EXPRESS 10001– 20000 ("Corporate Defendants"), and MAX CRESPO ("Individual Defendant," and collectively with the Corporate Defendants, the "Defendants") and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) overtime premium due to a policy of paying a fixed rate salary; (2) unreimbursed costs for tools of the trade; (3) unpaid wages; (4) liquidated damages; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that he and other similarly situated are entitled to recover from Defendants: (1) unpaid minimum wages and overtime premiums due to Defendants' policy of paying fixed salary; (2) unreimbursed costs for tools of the trade; (3) unpaid wages; (4) unpaid spread of hours premium; (5) damages for late payment of wages; (6) statutory penalties; (6) liquidated damages; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff JESUS MIZQUIRI is a resident of New York County, New York.

6. Defendants own and operate dine-in pizzerias and food trucks at the following locations:

> i. Neapolitan Express restaurant at 40 Wall Street, New York, NY 10005 ("Financial District location")

   ii. Neapolitan Express restaurant at 512 7th Ave, New York, NY 10018 ("Midtown location");

   iii. Neapolitan Express restaurant at 232 E 111th Street, New York, NY 10029 ("East Harlem location") (now closed);

   iv. Neapolitan Express restaurant at 29 2nd Ave, New York, NY 10001 ("Midtown East location") (now closed);

   v. Neapolitan Express restaurant at 1691 Broadway, New York, NY 10019 ("Broadway location") (now closed);

   vi. Neapolitan Express food truck at the corner of Jay Street and Water Street ("Jay Street food truck");

   vii. Neapolitan Express food truck in The Plaza, next to The Vessel ("The Plaza food truck")

   viii. Neapolitan Express food truck at 4-85 47th Rd, Long Island City, NY 11101 ("Long Island City truck) (now closed);

   ix. Neapolitan Express food truck at the corner of 49th St and 6th Ave, New York, NY 10112 ("Theater District food truck) (now closed); and,

   x. Neapolitan Express food truck at 38 Union Square W, New York, NY 10003 ("Union Square food truck) (now closed).

(collectively, "Pizzerias and Food Trucks");

7. Defendants operate the above Pizzerias and Food Trucks as a single integrated enterprise. Specifically, Defendants' Pizzerias and Food Trucks are engaged in related activities, share common ownership, and have a common business purpose:

i. Defendants are engaged in the same business of operating Pizzerias and Food Trucks in New York City;

ii. All Pizzerias and Food Trucks share a business name "Neapolitan Express", and are operated under the common business name;

iii. All of Corporate Defendants' Pizzerias and Food Trucks are owned by Individual Defendant MAX CRESPO, *see* **Exhibit A**, News Article;

iv. Defendants' Pizzerias and Food Trucks maintain centralized labor relations and human resources and implement the same wage and hour policies and procedures established by Defendants;

v. Defendants' Pizzerias and Food Trucks all utilize the same company to manage payroll;

vi. Plaintiff and Class Members are required to provide services to all of Defendants' Pizzerias and Food Trucks;

vii. Supplies are interchangeable among Defendants' locations;

viii. Defendants' Pizzerias and Food Trucks are all marketed through one common website, *see* **Exhibit B**, Screenshot of Defendants' Website;

ix. All Pizzerias and Food Trucks are advertised through a common Facebook page – https://www.facebook.com/NeaExpress/

x. All Pizzerias and Food Trucks are advertised through a common Instagram page – https://www.instagram.com/neaexpress/; and

xi. Employment positions for all Pizzerias and Food Trucks may be applied for through an integrated system on Neapolitan Express' website.

8. All Defendants operate and own the Pizzerias and Food Trucks. Corporate Defendants NEAPOLITAN EXPRESS LLC d/b/a NEAPOLITAN EXPRESS, NEAPOLITAN EXPRESS STORE 10001 LLC d/b/a NEAPOLITAN EXPRESS, and NEAPOLITAN TRUCK 10001 – 20000 are owned and operated by Individual Defendant MAX CRESPO. MAX CRESPO is ultimately in charge of hiring and firing employees, setting employee schedules, and paying employees.

9. Corporate Defendant NEAPOLITAN EXPRESS LLC is a foreign limited liability company authorized to operate and run business in the State of New York, with its address of service of process at c/o Richard G Della Ratta Esq., 147 Barrett Street, Schenectady, NY 12305.

10. Corporate Defendant NEAPOLITAN EXPRESS STORE 10001 LLC is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business located at 40 Wall Street, New York, NY 10005, and an address of service of process located at c/o The Agresta Firm, Attorneys & Counsellors at Law, 40 Wall Street, New York, NY 10005.

11. Corporate Defendants NEAPOLITAN EXPRESS TRUCK 10001 – 20000 operate pizza food trucks across New York City under the business name NEAPOLITAN EXPRESS.

12. Individual Defendant MAX CRESPO is the founder and owner of Corporate Defendants NEAPOLITAN EXPRESS LLC d/b/a NEAPOLITAN EXPRESS, NEAPOLITAN EXPRESS STORE 10001 LLC d/b/a NEAPOLITAN EXPRESS, and NEAPOLITAN EXPRESS TRUCK 10001 – 20000. MAX CRESPO has operational control of Corporate Defendants. Individual Defendant MAX CRESPO exercises the power to (and also delegate to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v)

otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendants. Individual Defendant MAX CRESPO has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant MAX CRESPO additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant MAX CRESPO ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to drivers, delivery persons, cooks, and kitchen workers, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to (i) pay overtime premiums, due to a policy of paying fixed salary regardless of the hours worked; (ii) pay wages including minimum and overtime wages due to bounced checks; and (iii) reimburse for tools of

the trade. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to drivers, delivery persons, cooks, and kitchen workers ("Class Members"), employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are

presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay wages, including minimum wages and overtime premiums, due to a policy of paying a fixed rate salary; (ii) failing to pay wages, including minimum and overtime wages due to bounced checks; (iii) failing to pay wages in a timely manner; (iii) failing to pay spread of hours premium for shifts longer than ten (10) hours a day; (iv) failing to reimburse for tools of the trade; (v) failing to provide proper wage statements per requirements of the NYLL; and (vi) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL.

20. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual Members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class Members;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

(d) Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

(e) Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours;

(f) Whether Defendants utilized an impermissible policy of paying a fixed salary to Plaintiff and Class Members;

(g) Whether Defendants failed to pay wages including minimum wages and overtime premiums due to bouncing of checks;

(h) Whether Defendants failed to pay timely wages as required by the NYLL;

(i) Whether Defendants reimbursed Plaintiff and Class Members for the cost of purchasing and maintaining tools of the trade;

(j) Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL; and

(k) Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL.

## STATEMENT OF FACTS

25. In or around June 2017, Plaintiff JESUS MIZQUIRI was hired by Defendants to work as a driver. Plaintiff's employment with Defendants terminated in or around April 2022.

26. Throughout his employment, Plaintiff worked between nine (9) to twelve (12) hours a day, seven (7) days a week, for an average of seventy (70) hours a week. Although Plaintiff was not assigned a fixed schedule, his hours throughout the employment remained similar.

27. Throughout Plaintiff's employment with Defendants, Plaintiff spent almost all of his time performing manual labor driving to wholesale departmental stores such as Jethro and Restaurant Depot to stock up on inventory and supplies for all active locations of Defendants. Plaintiff then drove back to the pizzerias and food trucks to deliver the supplies. Further, he was required to maintain Defendants' warehouse in Brooklyn, New York. On the weekends, Plaintiff was required to stock up on Defendants' warehouse, and transport produce from the warehouse to the pizzeria and food truck locations. In the morning, Plaintiff was required to complete deliveries for the dine-in locations of Defendants, and later in the evening, he was required to deliver to the food trucks.

28. Throughout his employment by Defendants, Plaintiff was compensated at a fixed salary of $800 per week, regardless of the hours Plaintiff worked. At all times, Plaintiff was paid weekly, by checks. There was never any agreement between Plaintiff and Defendants that this salary would cover overtime hours. Class Members were similarly paid a fixed rate salary, and not compensated for all the hours they worked.

29. Throughout his employment, Plaintiff was not paid his wages in a timely manner because Defendants' checks bounced frequently. Approximately three (3) times a month, Defendants' checks payable to Plaintiff bounced due to insufficient funds maintained by Defendants. *See* **Exhibit C**, Defendants' Bounced Checks. Every time a check bounced, notwithstanding the delay already caused, Defendants further delayed paying Plaintiff by eight (8) to ten (10) more days. For this reason, Plaintiff did not regularly receive his wages within seven (7) days of the end of the week in which those wages were earned, in violation of NYLL § 191(1)(a)[1]. In fact, due to the recurring nature of checks being bounced and missed payments, Defendants owe Plaintiff unpaid wages

30. At all times, Plaintiff was required to fulfil his employment duties in his private vehicle. Additionally, Defendants did not reimburse Plaintiff for gas and maintenance expenses of the vehicle. Plaintiff incurred all the expenses of the vehicle, including but not limited to fuel, toll, parking and tickets. Plaintiff spent a substantial amount towards the maintenance of his car, majorly used to work for Defendants. Similarly, FLSA Collective Plaintiffs and Class Members were also similarly not reimbursed by Defendants for the cost of maintaining vehicles and purchasing tools.

31. Throughout Plaintiff's employment with Defendants, Plaintiff worked shifts longer than ten (10) hours a day. Defendants failed to pay Plaintiff with spread of hours premium for all the hours worked in excess of ten (10), thus violating the NYLL.

32. Defendants failed to provide wage and hour notices, at the date of hiring and annually thereafter, to all their employees in violation of the requirements of the NYLL.

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

33. At all relevant times, the wage statements that Defendants provided to Plaintiff and Class Members were improper because they failed to accurately reflect the employees' hours worked.

34. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members their wages, including the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek due to Defendants' policy of compensating with a fixed salary, in violation of the FLSA and NYLL.

35. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notices to Plaintiff and Class Members, at the beginning of employment and annually thereafter, in violation of the NYLL.

36. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to all their employees as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by employees.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

41. At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime due under the FLSA.

42. At all relevant times, Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek due to a fixed compensation policy.

43. At all relevant times, Defendants willfully failed to reimburse Plaintiff and FLSA Collective Plaintiffs for the cost of maintaining their vehicles, which resulted in them incurring additional damages on top of not being properly compensated for all hours they worked.

44. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their intentional failure to compensate Plaintiff and FLSA Collective Plaintiffs for every hour they worked, including overtime hours.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime premiums, due to Defendants' checks bouncing as regularly as three (3) times a month; unpaid overtime premiums due to Defendants' fixed compensation policy; reimbursements for the cost of maintaining vehicles and purchasing tools; plus an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

50. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

52. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members the full amount of wages due, including overtime, under the NYLL.

53. Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to a fixed compensation policy.

54. Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay proper spread of hours premium for hours worked in excess of ten (10) per workday.

55. Defendants knowingly and willfully violated Plaintiff's and the Class Members' rights by failing to reimburse them for the cost of maintaining their vehicles.

56. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Class Members their wages within seven (7) days of the end of the week in which they earned them due to routinely bounced checks, as require by NYLL § 191(a).

57. Defendants knowingly and willfully failed to provide wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 191(1)(a)(i).

58. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendants provided fraudulent wage statements that failed to accurately reflect the hours worked by Plaintiff and Class Members.

59. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid minimum wages, and unpaid overtime premiums, due to an impermissible policy of paying a fixed salary regardless of the hours worked; reimbursements for the cost of maintaining vehicles and purchasing tools; damages for unreasonably delayed payments; unpaid spread of hour premiums; liquidated damages; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and NYLL;

b. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to an impermissible policy of fixed compensation due under the FLSA and NYLL;

d. An award of unpaid minimum wages due to Defendants' policy of paying a fixed salary, due under the NYLL;

e. An award of liquidated damages and interest for unpaid wages as a result of Defendants' failure to pay wages under the FLSA and NYLL;

f. An award of unpaid wages due to Defendants' failure to reimburse for the cost for maintaining vehicles under FLSA and NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked per workweek, pursuant to the FLSA;

i. An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

j. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay compensation for all hours worked and overtime compensation for all hours worked over forty (40) per workweek, pursuant to the NYLL;

k.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

l.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

m.  Designation of this action as a class action pursuant to F.R.C.P. 23;

n.  Designation of Plaintiff as Representative of the Class; and

o.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 18, 2023

                    Respectfully submitted,
By:    */s/ C.K. Lee*
       C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*