USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESUS MIZQUIRI,

                Plaintiff,

-v.-

NEAPOLITAN EXPRESS LLC et al.,

                Defendants.

23 Civ. 9170 (JHR)

DEFAULT JUDGMENT

---

JENNIFER H. REARDEN, District Judge:

On October 18, 2023, Plaintiff Jesus Mizquiri filed the instant action for violations of the Fair Labor Standards Act and the New York Labor Law. ECF No. 1. Defendants Neapolitan Express Store 10001 LLC and Neapolitan Express LLC (the "Corporate Defendants") were served with process on October 20, 2023 and December 8, 2023, respectively. ECF Nos. 6, 9. The Corporate Defendants' answers were therefore due on November 13, 2023 and December 29, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint."). The Corporate Defendants failed to answer or otherwise appear.

On February 28, 2024, upon Plaintiff's applications, ECF No. 11, the Clerk of Court issued a certificate of default for the Corporate Defendants, ECF No. 13. On March 20, 2024, Plaintiff moved for a default judgment pursuant to Federal Rule of Civil Procedure 55. ECF No. 14. The Corporate Defendants did not oppose the motion.

On March 20, 2025, the Court issued an order directing the Corporate Defendants to show cause, by March 31, 2025 at 10:00 a.m., as to why a default judgment was not warranted. ECF No. 19. Plaintiff served the Court's Order on the Corporate Defendants on March 20, 2025. ECF No. 21. The Corporate Defendants have not opposed the Order or otherwise appeared.

The Court has reviewed Plaintiff's motion for a default judgment and supporting

submissions.  Because proof of service has been filed; the Corporate Defendants failed to answer the Complaint; the time for doing so has expired; and the Corporate Defendants have failed to appear to contest the entry of a default judgment, the Court enters a default judgment for Plaintiff against the Corporate Defendants on all claims, with declaratory, injunctive, and monetary relief to be determined at an inquest, plus costs, interest, and attorneys' fees to be determined based on a subsequent submission.

By separate Order, the Court will refer this case to Magistrate Judge Ona T. Wang for an inquest into equitable relief and damages.  By **April 2, 2025**, Plaintiff shall serve this Order upon the Corporate Defendants and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 14.

SO ORDERED.

Dated: March 31, 2025
       New York, New York

                                            JENNIFER H. REARDEN
                                            United States District Judge